# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

***

THE PRUDENTIAL INSURANCE COMPANY OF AMERICA,

                Plaintiff,

vs.

FAITH LEE, *et al.*,

                Defendants.

2:17-cv-00900-JCM-VCF

**REPORT AND RECOMMENDATION**

On March 30, 2017, Plaintiff filed a Complaint in Interpleader alleging an inability to resolve conflicting claims to life insurance proceeds (ECF No. 1). The claimants are defendant Faith Lee and defendant Petra Wilson. Both are represented by counsel (ECF Nos. 4, 13, 23, 25). Six possible contingent beneficiaries were named as defendants and served with process (ECF No. 19). The six possible contingent beneficiaries, all children of the decedent, Rex Wilson, have disclaimed and released rights each of them may have to assert a claim to the insurance proceeds at issue. (ECF No. 44).

A Local Rule 22-1 scheduling conference was held on June 26, 2017. Discovery is proceeding. No party opposes the payment of the insurance proceeds into court and the discharge of the plaintiff from any liability on this policy upon such payment. Plaintiff has requested $8,716.10 in attorneys' fees and $400 in costs incurred in prosecuting the interpleader action to date (ECF No. 43). Appropriate support has been provided (ECF Nos. 43-1, 43-2 & 43-3). Ms. Lee and Ms. Wilson do not dispute that an award of fees and costs is proper, but do dispute the amount.

The hourly rates charged by counsel are reasonable for a federal interpleader action. The parties must retain local counsel pursuant to court rules, and it is reasonable that they employ Pro Hac Vice

counsel with whom they are familiar, and in the case of Prudential, presumably with whom they have experience handling interpleaders. The court notes some duplication of effort by counsel here. This may be unavoidable when one partner and three associates in the lead firm, as well as one partner and one associate in the local firm are assigned to work on the matter. Never-the-less, a downward adjustment to the fee request is recommended.

Accordingly, reasonable reimbursement to prudential for attorneys' fees and costs should total $6,000, allocated as $5,600.00 in attorneys' fees and $400.00 in costs. Also, it is clear that a question of fact exists as to the competence and intentions of the decedent when completed the change of beneficiary form. Accordingly, Ms. Lee's Motion for Summary Judgment (ECF No. 5) should be denied.

IT IS HEREBY RECOMMENDED AS FOLLOWS:

1. On or before a date set by the district judge, plaintiff should pay into court the One Hundred Twenty-five Thousand Dollars ($125,000) Death Benefit due as of December 2, 2016, plus interest accrued under the terms of the policy, less $6,000 in fees and costs;

2. Upon payment of that sum into court, defendants should be enjoined from instituting or prosecuting any proceeding in any state or United States court affecting the Death Benefit and/or the Servicemenbers' Group Life Insurance Plan, group policy number G-32000 ("SGLI Plan");

3. Upon payment of that sum into court, plaintiff should be discharged from any and all further liability to defendants relating in any way to the SGLI Plan and/or Death Benefit; and

4. Faith Lee's Motion for Summary Judgment (ECF No. 5) should be denied.

DATED this 14th day of August, 2017.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE