**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

| | |
|---|---|
| THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> FAITH LEE, *et al.*, <br><br> Defendants. | Case No. 2:17–cv–00900–JCM–VCF <br><br> **ORDER** <br><br> MOTION TO FILE FIRST SUPPLEMENTAL ANSWER (ECF NO. 55) |

Before the Court is Petra Wilson's Motion for Leave to File First Supplemental and Amending Answer to Complaint for Interpleader. (ECF No. 55). For the reasons stated below, Petra Wilson's motion is granted in part and denied in part.

**BACKGROUND**

In March 2017, The Prudential Insurance Company of America ("Prudential") filed a complaint in interpleader. (ECF No. 1). At issue are the Veterans Group Life Insurance ("VGLI") benefits for Rex Wilson. (*Id.* at 1-3). Rex Wilson's wife, Petra Wilson, was originally designated the sole beneficiary. (*Id.* at 3). By a "VGLI Beneficiary Designation/Change form dated October 1, 2016, the Insured designated Faith Lee, parent, as the primary beneficiary of 50 percent of the VGLI Coverage and Petra Wilson, spouse, as the primary beneficiary of the remaining 50 percent of the VGLI Coverage." (*Id.*). Rex Wilson died on October 13, 2016 and Petra Wilson contested the change in beneficiaries. (*Id.*).

During discovery, Petra Wilson learned that Rex Wilson backdated the beneficiary change form. (ECF No. 55 at 2). Rex Wilson requested and received the form on October 4 and mailed it back to Prudential on October 6. (ECF No. 55-1 at 4). Rex Wilson dated the form as October 1. (*Id.*) Petra

1

Wilson filed a motion to amend her answer to the complaint in interpleader to add four affirmative defenses: (1) Rex Wilson engaged in fraud by backdating the beneficiary change form, (2) Rex Wilson was not competent when executing the beneficiary change form, (3) "[t]he intentionally backdated change of beneficiary form constitutes either an invalid extension of the Policy or an invalid change of the terms and conditions of the Policy," and (4) "[b]ecause the veteran must have signed and dated the form and the signature date must be the date that the Veteran actually signed the form, the change of beneficiary form is invalid on its face and does not meet the requirements to change the terms and conditions of the Policy." (*Id.* at 3-5).

Faith Lee opposed the motion to amend. (ECF No. 56). She argued the proposed fraud affirmative defense was futile because the statute Petra Wilson relied on (38 U.S.C. § 1979) does not apply, there is no evidence that the erroneous date was intentional, even an intentional misstatement of date would not constitute fraud, and Petra Wilson lacks standing to challenge the insurance contract. (*Id.* at 2-4). Faith Lee did not address Rex Wilson's competency or whether a technical error in the beneficiary change form could render it invalid under relevant statutes or the insurance policy.

Petra Wilson filed a reply, but she failed to respond to Faith Lee's arguments regarding the proposed fraud affirmative defense. (ECF No. 57). Petra Wilson simply argued that "[a]ssuming Faith Lee is in fact correct that the fraud defense…is futile," the other proposed affirmative defenses have merit. (*Id.* at 1-2).

**DISCUSSION**

"[A] party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "Five factors are taken into account to assess the propriety of a motion for leave to amend: bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended

the complaint." *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004). In addition, under LCR 47-3 "[t]he failure of an opposing party to include points and authorities in response to any motion constitutes a consent to granting the motion."

Faith Lee did not object to Petra Wilson's proposed affirmative defenses 2-4. These affirmative defenses are not facially brought in bad faith, prejudicial to Faith Lee, or futile. *See Prudential Ins. Co. of Am. v. Mehlbrech*, 878 F. Supp. 1382, 1386 (D. Or. 1995) (addressing the mental capacity to elect beneficiaries in a Servicemen's Group Life Insurance Policy); *Prudential Ins. Co. v. Perez*, 51 F.3d 197, 198–99 (9th Cir. 1995) (discussing compliance with the provisions of 38 U.S.C. § 1970 regarding beneficiary designations). Therefore, Petra Wilson's motion to amend is granted as to her proposed affirmative defenses addressing Rex Wilson's competency and whether the erroneous date in the beneficiary change form could render it invalid under relevant statutes or the insurance policy.

Faith Lee's sole objection to Petra Wilson's proposed fraud affirmative defense is that the proposed amendment is futile. (ECF No. 56 at 2-4). "[A] proposed amendment is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Sweaney v. Ada Cty., Idaho*, 119 F.3d 1385, 1393 (9th Cir. 1997) (*quoting Miller v. Rykoff–Sexton, Inc.,* 845 F.2d 209, 214 (9th Cir.1988). A Court may deny a motion to amend if it is clear that the proposed amendment "could not affect the outcome of th[e] lawsuit." *Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau*, 701 F.2d 1276, 1293 (9th Cir. 1983).

Petra Wilson failed to respond to any of Faith Lee's arguments regarding the futility of the proposed fraud affirmative defense. The statute Petra Wilson cites in her proposed amended answer does not appear to apply to this case, as it deals with contesting "insurance coverage" rather than the payment of benefits. 38 U.S.C. § 1979. In addition, fraud generally requires a material misrepresentation. *United States v. Brugnara*, 856 F.3d 1198, 1207–08 (9th Cir. 2017). Even accepting Petra Wilson's allegation

3

that Rex Wilson deliberately lied about the date when he executed the change of beneficiary form, Petra Wilson fails to allege how the misrepresentation was material and impacted Prudential's acceptance of the form. Because allowing the inclusion of the proposed fraud affirmative defense would be futile, Petra Wilson's motion is denied as to her first proposed affirmative defense.

ACCORDINGLY, and for good cause shown,

IT IS ORDERED that Petra Wilson's Motion for Leave to File First Supplemental and Amending Answer to Complaint for Interpleader (ECF No. 55) is GRANTED IN PART AND DENIED IN PART.

IT IS FURTHER ORDERED that Petra Wilson has until November 10, 2017 to file an amended answer adding her second, third, and fourth proposed affirmative defenses and the factual circumstances of the backdated beneficiary change form.

IT IS SO ORDERED.

DATED this 27th day of October, 2017.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE