UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| THE PRUDENTIAL INSURANCE COMPANY,<br><br>Plaintiff(s),<br><br>v.<br><br>FAITH LEE, et al.,<br><br>Defendant(s). | Case No. 2:17-CV-900 JCM (VCF)<br><br>ORDER |

Presently before the court is defendant Petra Wilson's motion for reconsideration. (ECF No. 90). Defendant Faith Lee has not filed a response and the time to do so has passed.

Also before the court is Wilson's motion for expedited consideration for release of undisputed insurance funds. (ECF No. 97). Lee has not filed a response and the time to do so has passed.

**I.      Facts**

The instant case arises from competing claims to Rex Wilson's ("the decedent") $125,000 life insurance policy. (ECF No. 1). The claimants are Faith Lee, the decedent's mother, and Petra Wilson, the decedent's ex-wife. (*Id.*).

Wilson was originally the sole beneficiary to the decedent's life insurance policy. (*Id.*). In February 2016, after twenty-eight years of marriage, the decedent and Wilson separated. (ECF Nos. 61, 62). Wilson alleges that after their separation, the decedent "began spiraling out of control." (ECF No. 68). She claims that the decedent exhibited uncharacteristic behaviors such as speaking with invisible people, drug abuse, and prostituting himself on Craigslist. (ECF No. 68).

James C. Mahan
U.S. District Judge

1 | In early October 2016, the decedent changed the beneficiary designation on his life insurance policy—devising 50% of his death benefit to Wilson and the remaining 50% to Lee. (ECF Nos. 1-1, 61, 62). The decedent used a change form to add Lee as a beneficiary, but he post-dated his signature despite the form expressly advising to accurately date signatures. (ECF No. 1-1). Nevertheless, the life insurance provider accepted the form and changed the decedent's beneficiaries. (*Id.*).

On October 12, 2016, the decedent passed away in what appears to be a suicidal shooting event with the Las Vegas Metropolitan Police Department. (ECF No. 61-4). Shortly thereafter, Wilson sent a letter to the life insurance provider, contesting the new beneficiary designation for the decedent's life insurance policy. (ECF No. 1).

On March 30, 2017, the life insurance provider filed its complaint in interpleader, alleging that it could not resolve the competing claims to the death benefit. (ECF No. 1). On October 3, 2017, the court dismissed the life insurance provider after it paid $119,598.84 into the court's registry. (ECF No. 52). Lee and Wilson remained as litigants in this case and continue to dispute whether Lee is entitled to 50% of the death benefit.

On July 10, 2018, the court denied the parties' cross-motions for summary judgment, holding that there is a genuine dispute whether decedent had sufficient mental capacity when he changed the beneficiary designation on his life insurance policy. (ECF No. 83). The court also held that it would not release any portion of the life insurance funds prior to a final judgment. (*Id.*).

Now, Wilson requests the court to reconsider its previous judgment and disburse the undisputed portion of the death benefit. (ECF Nos. 90, 97).

**II.     Legal Standard**

A motion for reconsideration "should not be granted, absent highly unusual circumstances." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993); *see* Fed. R. Civ. P. 60(b).

Rule 59(e) "permits a district court to reconsider and amend a previous order," however "the rule offers an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (internal quotations omitted). A motion for reconsideration is also an improper vehicle "to raise arguments . . . for the first time when they could reasonably have been raised earlier in litigation." *Kona Enters., Inc.*, 229 F.3d at 890.

**III. Discussion**

Wilson submitted a letter requesting the court to resolve her motion for reconsideration (ECF No. 90) and objection to the magistrate judge's order (ECF No. 107) prior to 5:00 pm on September 24, 2018. (ECF No. 109). The court will not address Wilson's objection to the magistrate judge's order because the deadline for Lee to file a response has not passed. The court recognizes a strong interest in favor of hearing from both parties and will afford Lee the filing timeframe set forth in the local rules. However, the court will resolve Wilson's motion for reconsideration and her *ex parte* motion, which incorporates the arguments set forth in her motion for reconsideration. *See* (ECF No. 97).

Wilson requests the court to reconsider (1) not disbursing the undisputed portion of the death benefit, and (2) holding that a post-dated beneficiary change form was proper under 38 C.F.R. § 9.4. (ECF No. 90).

*a. Disbursing the undisputed portion of the death benefit*

Good cause exists to disburse the undisputed portion of the death benefit because the undisputed funds belong to Wilson and disbursement would remedy her immediate state of destitution. Lee has not provided any compelling reason to deny disbursement and the court sees no reason to deny Wilson's request. Accordingly, the court will disburse the undisputed portion of the death benefit.

*b. Post-dated beneficiary change form*

Wilson argues that the court committed clear error by failing to "accord *auer* deference to the agency's interpretation of 38 C.F.R. § 9.4(a)." (ECF No. 90). Wilson's argument relies on

case law that has been available well before the court's decision and, thus, "could reasonably have been raised earlier in litigation." *Kona Enters., Inc.*, 229 F.3d at 890.

**IV.     Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that Wilson's motion for reconsideration (ECF No. 90) be, and the same hereby is, GRANTED in part and DENIED in part, consistent with the foregoing.

IT IS FURTHER ORDERED that Wilson's *ex parte* motion for expedited consideration for release of undisputed insurance funds (ECF No. 97) be, and the same hereby is, GRANTED.

DATED September 26, 2018.

_____
UNITED STATES DISTRICT JUDGE

James C. Mahan
U.S. District Judge

- 4 -