UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| THE PRUDENTIAL INSURANCE COMPANY,<br><br>Plaintiff(s),<br><br>v.<br><br>FAITH LEE, et al.,<br><br>Defendant(s). | Case No. 2:17-CV-900 JCM (VCF)<br><br>ORDER |

Presently before the court is interpleader defendant Petra Wilson's *pro se* motion to dismiss. (ECF No. 141).  As explained further below, the court orders supplemental briefing from the parties.

This is an interpleader action arising from competing claims to Rex Wilson's $125,000 life insurance policy ("the funds") provided under 38 U.S.C. § 19645 *et seq.*  (ECF No. 1).  The claimants originally included Faith Lee (Rex's mother) and Petra Wilson (Rex's ex-wife).  (*Id.*).

This case began in 2017 after the stakeholder, Prudential Insurance Company of America, initiated this interpleader action.  (*Id.*).  Prudential has since deposited the funds into the court's registry account and has been dismissed from this case.  (ECF Nos. 52, 54).  By an order in 2018, the court disbursed a portion of the funds to Petra as undisputed.  (ECF No. 111).  The remaining funds remain disputed.

Unfortunately, Faith passed away on March 16, 2019.  (ECF No. 129).  Faith's attorney, Mark Connot, filed a motion to substitute under Federal Rule of Procedure 25.  (ECF No. 130).  Mr. Connot represented to the court that Faith's son, Paul Wilson, was in the process of being appointed as the administrator of her estate and was the proper party to be substituted in place of

**James C. Mahan**
**U.S. District Judge**

1 Faith. (*Id.* at 3). After no party filed a response to that motion, Magistrate Judge Ferenbach granted
2 the motion under Local Rule 7-2(d) as unopposed. (ECF No. 131).

3 Petra now files a motion to "dismiss this interpleader action with prejudice," claiming that
4 this action "abated upon the closing of the Estate of Faith Marie Lee on October 12, 2022." (ECF
5 No. 141-1, at 1, 8). Petra states that Jesse Wilson was the "official, legal representative" of Faith's
6 estate as the "successor personal representative" of the estate. (*Id.* at 3). Petra further informs the
7 court that Faith's estate has since closed, and Jesse has been discharged from his position as
8 personal representative. (*Id.* at 5–6). Therefore, Petra argues that the court should "dismiss" this
9 action because "Prudential can no longer maintain this interpleader action" against Faith's estate,
10 and because Faith's estate has abandoned its claims. (*Id.* at 5–6).

11 In support of her motion, Petra cites law from a multitude of different jurisdictions. Petra
12 cites authority from South Dakota, California, New York, and even the Second Circuit. (*See*
13 *generally* ECF No. 141-1). But Petra has not informed the court of which jurisdiction's law
14 applies. Nor does she address the fact that it was Paul, not Jesse, who was substituted in place of
15 Faith. Petra also asks the court to "dismiss" this action but does not address the remaining funds
16 still held in the court's registry account.

17 Mr. Connot asks the court to deny Petra's motion. (ECF No. 142). But Mr. Connot no
18 longer has a client who is a party to this action and is not a party himself. Mr. Connot has not
19 informed the court that he is counsel for Paul or Faith's estate. Mr. Connot's response to Petra's
20 motion also fails to include meaningful points and authorities—it cites only a single South Dakota
21 statute and does not address any of the issues outlined above. (*See generally* ECF No. 142).

22 The court will not perform legal work on behalf of any party, including parties proceeding
23 *pro se*. *See U-Haul Co. of Nevada v. Gregory J. Kamer, Ltd.*, No. 2:12-CV-00231-KJD, 2013 WL
24 4505800, at *2 (D. Nev. Aug. 21, 2013) ("[T]he burden of representation lies upon [the parties],
25 and not upon the [c]ourt…the idea that courts will not perform the work of representing parties is
26 clear."); *see also Jacobsen v. Filler*, 790 F.2d 1362, 1364 (9th Cir. 1986) ("[P]ro se litigants in the
27 ordinary civil case should not be treated more favorably than parties with attorneys of record.").
28 Petra has not provided the court with legal basis to grant her motion. Petra does not inform the

**James C. Mahan**
**U.S. District Judge**

- 2 -

court of the applicable law, does not address Paul's substitution in place of Faith, and her requested dismissal overlooks the remaining funds still held in the court's registry account. Mr. Connot is not a party to this action. Paul, as the party of record substituted in place of Faith, has not filed a response to Petra's motion.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that both Petra Wilson and Paul Wilson must file supplemental briefs no later than January 19, 2024, to address the issues outlined above and how, if at all, they impact the parties' entitlement to the funds.

IT IS FURTHER ORDERED that, no later than January 19, 2024, Mr. Connot must inform the court of whether he represents Paul Wilson or any other party in this action.

DATED December 22, 2023.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**